THE PEOPLE ex rel. Henry R. Pebbles

v.

JOHN LEWIS et al.

*Opinion filed March 17, 1899.*

1. CONSTITUTIONAL LAW—*act of 1891 to divide incorporated towns is unconstitutional.* The act of 1891, providing for the division of incorporated towns, (Laws of 1891, p. 74,) is unconstitutional and void. (*People ex rel. v. Martin, ante,* p. 611, followed.)

2. MANDAMUS—*mandamus will not lie if respondents have no power to act.* Mandamus will not lie to compel parties assuming to hold office in the alleged town of Oak Park to perform any official duty, as such town, being part of the territory disconnected from the town of Cicero in a proceeding under the void act of 1891, has no legal existence and its officers cannot perform official duties.

ORIGINAL petition for *mandamus.*

JOHN P. WILSON, for petitioner.

CHARLES S. CUTTING, and GREEN & PRINGLE, for respondents.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a petition filed in this court for a writ of *mandamus* commanding the respondents, John Lewis, George J. Bliss, Albert W. Giles and James E. Tristram, in their respective alleged capacities as supervisor, assessor, collector and town clerk of the alleged town of Oak Park, in the county of Cook, in obedience to the requirements of the provisions of section 1, article 11, chapter 24, of the Revised Statutes, entitled "Cities and Villages," to call an election for the purpose of submitting to the legal voters of the said alleged town of Oak Park the question whether said town will become incorporated as a village under the provisions of the general act for the incorporation of cities and villages. The territory embraced within the alleged town of Oak Park is within the limits of the incorporated town of Cicero, and the petition is based upon

the theory that said territory included within the limits of the supposed town of Oak Park became legally disconnected from the said town of Cicero, and received separate corporate existence under the name and style of "Town of Oak Park," in virtue of an election held for that purpose pursuant to the provisions of an act of the General Assembly approved June 13, 1891, entitled "An act to provide for the division of incorporated towns." Hurd's Stat. 1897, chap. 24, pars. 210*a* to 210*j*.

In the preceding case of *People ex rel.* v. *Martin, (ante,* p. 611,) which was submitted to us at the same time and in conjunction with this cause, we found the said act of 1891 fell under the ban of the constitution as being special legislation, and was for that reason invalid. That decision directly involved the question of the legal existence of the town of Berwyn, the territory of which was also a portion of the same incorporated town of Cicero. Said alleged town of Berwyn and the supposed town of Oak Park each claimed corporate existence by virtue of proceedings instituted under and by virtue of the said act of 1891, for the disconnection of the territory of each from the territory of the incorporated town of Cicero. The question of the disconnection of the territory of each of said towns from the said town of Cicero was submitted at the same election, and the validity of the organization of each of them depends alike upon the validity of the same statute of 1891. That statute being unconstitutional and nugatory, it follows there is no such organization as the alleged town of Oak Park, and, as a further consequence, that respondents have no official duty to perform as alleged officers of such supposed town of Oak Park.

The prayer of the petition is denied.

· *Writ denied.*